FILED

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA** 97 APR -9 AM 9: 12
**SOUTHERN DIVISION**

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **DAPHNE KAY SEWELL,** | ] | |
| Plaintiff(s), | ] | |
| vs. | ] | CV-96-N-3103-S |
| **EMMETT DAVID BATES, et al.,** | ] | |
| Defendant(s). | ] | |

ENTERED

APR 9 1997

**Memorandum of Decision**

This is an employment discrimination action filed by the plaintiff, Daphne Kay Sewell, against the defendants, Emmett David Bates individually, and Bates Insurance Agency, Inc.. The complaint alleges sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA").

The court has for consideration the Motion to Dismiss filed by the defendants on December 4, 1996. The motion was converted to a Motion for Summary Judgment by order of this court on December 13, 1996, and on March 18, 1997, the court held a hearing on the motion, receiving additional evidence. The defendants' motion will be granted.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The only two issues presented for consideration here are whether the individual defendant, Emmett David Bates, can be held liable under either Title VII or the ADEA and

2

whether the corporate defendant, Bates Insurance Agency, Inc. is an "employer" within the meaning of either of those statutes. The answer in each case is no.

Claims against Mr. Bates in his individual capacity brought pursuant to Title VII and the ADEA are due to be dismissed. There can be no individual liability under either of these acts. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *Smith v.* Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

The defendants contend that Bates Insurance agency, cannot be liable under either Title VII or the ADEA because, at the material times, it did not have the requisite number employees. Under Title VII, the term "employer" means a person engaged in an industry affecting commerce who "has *fifteen* or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b) (emphasis added). For the ADEA, the term means a person engaged in an industry affecting commerce who "has *twenty* or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b) (emphasis added). The Supreme Court has said "the ultimate touchstone" is whether the employer has "employment relationships" with the requisite number of employees for twenty or more calendar weeks." *Walters v. Metropolitan Enterprises, Inc.*, 1997 WL 9783, at *6. The court must look primarily to whether an individual appears on the employer's payroll when determining whether an employment relationship exists. *Id.* The events giving rise to the plaintiff's age and sex discrimination claims occurred mid-way through 1996. Therefore, it is calendar years 1995 and 1996 that are relevant to this matter.

3

In the hearing conducted on this matter, the parties stipulated that the following 12 individuals were employees in 1996: Emmett David Bates, Sr.; David Bates, Jr.; Denesa Howard; Rebecca Hyde Parker; Daphne Kay Sewell; Karen Rodda; Sandra C. Franklin; Harold West; Bill Haber; Lynn Shannon; Bobby Chandler; and Jim Hubbard. *See also Bates affidavit* at 1-2; *Sewell affidavit* at 1-2. The plaintiff contends that four insurance agents, paid commissions from time to time by Bates Insurance Agency, are employees of that company. All four agents testified at the hearing. They are: Kim Smith; Marshall Cullifer; Charles Binion, and James Hillhouse.

The defendants contend that each of these individuals were independent contractors and therefore not employees. Whether one is an "employee" by these purposes is determined

> in light of general common law concepts. The analysis of the question in a given case should take into account the economic realities of the situation . . . . This does not mean, however, that the economic realities with respect to the dependence of the individual will control. Rather, it is the economic realities of the relationship viewed in light of the common law principles of agency and the right of the employer to control the employee that are determinative.

*Cobb v. Sun Papers, Inc.*, 673 F.2d 334, 340-41 (11th Cir. 1982). Relevant factors when determining an individual's status are:

> (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the

4

"employer"; (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

Cobb, 673 F.2d at 340 (quoting Spirides v. Reinhardt, 613 F.2d 826, 831-32 (D.C. Cir. 1979));

see also Pardazi v. Cullman Medical Center, 838 F.2d 1155, 1156 (11th Cir. 1988).

In Oestman v. National Farmers Union Insurance Co., 958 F.2d 303 (10th Cir. 1992), the court held that an insurance agent was an independent contractor for purposes of the Age Discrimination in Employment Act. The court wrote

> The focus of the hybrid test is the employer's right to control the "means and manner" of the worker's performance. Id. In this case, Appellant's performance was subject to virtually no restrictions. Appellant's daily activities were not supervised and he was free to work as he chose. Appellant was not required to report to his office or to spend certain hours in pursuit of sales.
>
> Other aspects of the relationship between the parties also lead to the conclusion that Appellant was an independent contractor instead of an employee. Appellant furnished his own office space and equipment. He was free to take a vacation whenever he deemed appropriate. In addition to being paid by commission, Appellees did not withhold taxes from Mr. Oestman's pay and did not pay social security taxes for him.

Oestman, 958 F.2d at 306.

The court is satisfied that the four individuals in question were independent contractors. All four agents testified that neither Mr. Bates, nor any other person associated with Bates Insurance Agency had any control over their day to day activities. They were never given instructions on how to perform their job, what hours they had to work, or any scheduling requirements by Bates Insurance Agency. They all testified that they received no fringe benefits from the company, and that the company furnished them no supplies or equipment. Finally, none of the agents in question had errors and omissions coverage

5

through Bates Insurance Agency. In short, these four individuals were not employees of Bates Insurance in any sense of the word, or under the analysis of *Cobb* or *Oestman*. The evidence established clearly that the four individuals had maintained intermittent mutually beneficial business relationships, some on behalf of their true employers and some for their own business interests, with Bates over a period of years. The plaintiff cannot establish that Bates Insurance Agency employed the requisite number of people in 1996 to be subject to liability under Title VII.

It follows that if the defendant has fewer than fifteen employees for Title VII purposes it also had fewer than twenty employees for ADEA purposes. The plaintiff offered no evidence at all regarding whether Bates had the required numbers of employees during calendar year 1995.

The defendants are entitled to judgment as a matter of law on all counts of the complaint. Accordingly, the defendants' Motion for Summary Judgment will be **GRANTED** and this action will be **DISMISSED**, with prejudice.

Done, this 8th of April, 1997.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE